Thank you, Judge Wilkinson. Good morning. May it please the Court. This is an easy case and is governed by precedent of this Court in McDonnell v. Moose, which already resolved the question presented here. It resolved that Virginia Statute Section 182361A, which was referred to by this prior panel of this Court as the general anti-sodomy provision, simply cannot survive Supreme Court's decision in Lawrence v. McDonnell in its facial and constitutional and all its applications. The Virginia Supreme Court, in resolving Toghill's appeal, simply ignored this Court's decision that said no reasonable jurist could, having read Lawrence, conclude that a statute that is identical or identical in all relevant respects to the statute invalidated in Lawrence, to the Texas statute, could survive going forward. And the Commonwealth's only argument on this appeal is that because the Virginia Supreme Court narrowed construction. So what's our situation if we think the majority in Moose v. McDonnell was just dead wrong? I think if the conclusion of this panel that the majority of the previous panel was wrong, I think the way to deal with it is to hear this case en banc. I think that it's pretty clear of precedent of this Court that one panel simply cannot overrule another. But I think, to get back to my point, I think our Commonwealth argues and has briefed that the only difference between McDonnell and the present case is the narrowing construction that has been given to the Virginia statute in the interim. And I think that argument is wrong for at least two reasons. One, it's factually wrong because the Commonwealth made the exact same argument in McDonnell. They said the Virginia Supreme Court has narrowed the statute saying it's only applicable to conduct between adults and minors and therefore that saves it. And this Court rejected that argument saying the statute is unconstitutional on its face, cannot be applied to anyone. It cannot be saved by construction. In fact, that's kind of the definition of a facial unconstitutional statute. If it had been instructed by the Fourth Circuit's opinion in Moose v. McDonnell, why couldn't the Virginia Supreme Court reach the same conclusion having the benefit of their knowledge? Your Honor, I think because, again, I think that's a definition of a facial unconstitutional statute. This Court, the Supreme Court, other Circus of Health, when a statute is facial unconstitutional, definitionally it cannot be applied to anyone, even if you could find somewhere some person who you can apply to theoretically. As Justice Scalia wrote in Sweet Home Chapter, he said the problem with Commonwealth's argument is that there's a fundamental difference between lawful application of an unconstitutional statute and a lawful application of a different statute that could have been properly written. We have no problem and have no quarrel with the proposition that the Commonwealth of Virginia can lawfully prohibit sexual conduct or solicitation of such conduct between adults and minors. And in fact, following, I believe it's April 2014 when Virginia rewrote its statute, had Mr. Gray 2014 and sought my help on appeal, I would have filed an Anders brief because there's certainly no question that the Commonwealth of Virginia can prohibit such conduct. But they have to do it right. As this Court said in McDonald, Virginia can do it. But as of that point, they chose, they saw, they did not see fit to do it. Well, Mr. Grandola, let me ask you a question which I think follows up on what Judge Agee asked you. When our Court wrote McDonald, it made the point that the Federal Court cannot put a narrowing construction on a state statute. And so they declared it facially unconstitutional. But since then, the Virginia Supreme Court has done that. Why is that subsequent narrowing by the Virginia Supreme Court not effective? Justice Traxler, I think it's a two-part answer. One is because the factual premise, I think, the factual premise, it's not that Virginia Supreme Court has given a narrowing construction following McDonald. In McDonald itself, Virginia Supreme Court and I cited a block quote on page 7 of my reply brief, Virginia Supreme Court says that we have previously held, we construe the plain language of a statute to have limited application if such construction will tailor a statute to constitutional fit. And therefore, they conclude that in McDonald, not in Tocqueville, they conclude that the anti-sodomy provision properly tailored and properly narrowed can be applied. And this Court said no, which leads me to the second part of my answer. And the reason the answer is no is because a facially unconstitutional statute cannot be applied to anyone, whether the narrowing construction is given by the state court or federal court. In this case, it's not an issue of federal versus state power. It's an issue of what a legislature can do. And they simply cannot pass a statute that is so broad that it cannot be legally applied to anyone. The mere fact that they could have passed a better statute, which we don't dispute, doesn't save this statute from invalidation and therefore does not save Tocqueville's conviction. I'm still a little bit confused as to what your position is. Are you saying they can't do it or they did do it or they had the opportunity, they passed on it and consequently the other effort is... So I think that they tried to do it even before Tocqueville. So I think my point is that Tocqueville comes here in the exact same procedural posture as MacDonald did with the same supposed narrow construction. And that narrow construction was rejected in MacDonald and therefore, under the rules of the court, should be rejected here. But furthermore, as a general proposition, even if that weren't true, even if there were not a narrowing construction in MacDonald, once a statute is facially unconstitutional, it cannot be revived from the dead by... I think the whole point of facial unconstitutionality is that you can give a narrowing construction when a statute cannot be applied to a particular individual. And as an applied challenge, then you can say, well, you can apply it in these cases but you can apply it in those cases. But when it's a facial challenge and this facial challenge has succeeded, I think that statute can be applied to anyone. And so I don't think a saving construction will do. Okay. And before you finish your argument, I want you to address the question or the issue as to whether or not the fact that these statutes are different affects the controlling effect of MacDonald. Thank you, Judge. And actually, that does lead me to my next point that I have in my bullet points. I don't think they're different, contrary to what the district court said, and for the following reason. In order to convict Mr. Tocqueville, the Commonwealth had to prove at trial that he proposed to a child a performance of an act constituting an offense,  under section 18.236.1. And that was the language of Virginia 18.23743C3. Now, it doesn't say constituting any of the acts listed in 18.236.1. It says constituting an offense under 18.236.1. So in other words, the Commonwealth had to show that he propositioned to a minor an act that is both listed and is a criminal act itself. And that makes this statute identical to the one Judge MacDonald. MacDonald said there has to be a predicate felony. Here has to be a predicate offense. It would be my submission that a word offense and a felony are synonymous in this context. So I don't think the statute is different. The Commonwealth certainly proved, at least as far as procedure of this case is concerned, Mr. Tocqueville may have different personal views on this. But for the purpose of this case, the Commonwealth has certainly proved that Mr. Tocqueville propositioned an act of oral sex to a minor. The problem for the Commonwealth is that at the time that happened, through Virginia's legislature's poor drafting, that act, unfortunately, did not constitute an offense under Virginia law. Because the statute as written was not just unconstitutional after Lawrence. The whole definition of facial unconstitutionality is that a statute once declared unconstitutional is unconstitutional not as of the court declaration, but ab initio, as if it had never existed. And this Court and Supreme Court has said a statute that has been declared unconstitutional cannot give any obligations nor any power to the state to follow it. And so I don't think the statutes are different and unfortunately... I mean, are we in danger here of making a relatively straightforward matter unduly complex in this sense that Tocqueville was convicted under this different statute. The different statute dealt directly with the solicitation of children. 374.3 made it unlawful to use a computer of an adult to use a computer to try to lure a child under 15 into an act constituting an offense under the Virginia Code Section 2.2-361. But the statute under which he was convicted was targeted directly at child solicitation, which it seems to me is exactly what this individual did. And he was trying to solicit sodomy from a minor. The statute prohibits that. The statute is well outside the range of... the behavior was well outside the range of what Lawrence v. Texas ever said was protected. You know, to me, that's kind of the nub of it. And we can make it more complicated by this and that and everything, but it was a different statute from Moose, and it was a statute aimed at conduct that every jurisdiction in the country recognizes can constitutionally be condemned. And that is the nub of it. That's the heart of it. Judge Wilkinson, I'm with you on every point that you said, except for one clause in the middle, that the statute prohibited the conduct. Unfortunately, and I'm not going to stand here with a straight face and say that Mr. Tocqueville was a good guy and so didn't do any of this stuff. No, I understand. But what I'm saying is that through Virginia's omissions, yes, this conduct could be prohibited. Yes, this conduct is way outside of bounds of, you know, the behavior we expect. But at the time it occurred, this conduct was not prohibited because at the time in order to convict Mr. Tocqueville, what Virginia had to show is the following. They had to show that he used electronic devices. We don't dispute that. They had to show that he tried to solicit with lavish intent. He did. They had to show that he had a reason to believe that he was soliciting a child under 15. We don't dispute that. And here's the nub that what he tried to solicit was an act that is a crime. And the fact that this act could be criminalized, and it certainly can and it currently is after rewriting the statute, doesn't mean that at the time, especially following the Supreme Court decision in Lawrence and this Court's exposition of the decision that a blanket anti-sodomy statute simply cannot survive, that act was not a crime. So I agree with you that every state can criminalize it, does, and so does Virginia and they can, and we don't challenge that power. All we are saying is that at the time that this happened, Virginia's statute did not lead in a way to make it a crime. I realize you think there's an ex post facto problem lurking here, and I get that, but you can also look at the ex post facto problem this way, and that is before the time of his conviction, he was on notice that this sort of conduct could be criminally condemned. Nothing in Lawrence changes that. Before he was convicted, he knew it was, he knew the conduct was going to be criminal. After he was convicted, the conduct remained criminal. So whether you, whether you look at, whether you have your time lens before the time of the offense or after the time of the offense, the basic fact was that solicitation of sodomy with a minor, it was wrong then, it was wrong at the time of Lawrence, it's been wrong since. So in any practical way, in terms of whether somebody lacked real notice of what the criminal prohibition was, that's what ex post facto is getting at. Are you blindsided? Did you, were you lured into believing that somehow what you were doing was not criminal and that we smacked you after the fact? But that core purpose of the ex post facto clause is not implicated. And Judge Robinson, I'm not arguing ex post facto, I guess, directly. This was not an issue. No, but it has overtoned. No, absolutely. And so I take your point, and again, I agree with most everything you say, but again, with a caveat, I agree that the conduct was wrong before Lawrence, after Lawrence, during Lawrence, it's wrong now. No quarrel with that. The problem is in modern day and age, we have no common law crimes with some few exceptions. And so did Mr. Tocqueville know that such conduct is morally wrong? Probably. But Virginia has never saw fit to criminalize that conduct because the statute was void of an issue, being very sure. Like, did they do it now? Of course. Could somebody in the same shoes as Mr. Tocqueville be prosecuted under a validly enacted statute today? Absolutely. But at the time, even though it was always morally wrong, I have no quarrel with that. But it simply was not statutorily criminalized. Was what the Virginia court did really an unreasonable application of clearly established law? It seemed to me that when you look at it, and I'm trying to just take a step back and look at whether there was really any unfairness done, which would warrant the grant of the writ, and in looking at what the Virginia Supreme Court did, it really just, its decision really just conformed the statute to what the Supreme Court had said in Lawrence, and how can conforming a state statute to the dictates of Lawrence be an unreasonable application of clearly established law? It seemed to me it was a very accurate application of what the law was. And we, you know, so I'm trying to get at this case through two points. Number one, is there really any actual ex post facto problem here as opposed to a sort of highly theoretical one? And number two, was there really anything unreasonable about what the Virginia Supreme Court has done all along? And I'm having difficulty finding a problem with what happened here, and unless you can convince me that there's some basic unfairness involved here. I'm trying my best, Your Honor. I think the answer is that it's not me who's saying that this is an unreasonable application of clearly established federal law. It's this court who said it in McDonald. And if this panel disagrees, I'm happy to come back here and argue before an unbound court, but ultimately I think this court has said that this statute, as written, is materially indistinguishable from the one in Texas, and that Supreme Court in Lawrence facially invalidated the statute in Texas, meaning in all applications and in total from the moment of its enactment, and the same rule applies to Virginia statute. And I think that really is ultimately the end of the case. The statute simply was not existent, so as the courts have said, although it has a form and look and feel of the law, it actually, unconstitutional statute gives rise to no obligations on the part of citizens and no powers on the part of the state. Thank you, sir. Okay, thank you. All right, Mr. McGuire. Mr. McGuire. Good morning, Your Honors, and may it please the Court. I'm McGuire on behalf of the Director of the Virginia Department of Corrections. I want to start by kind of highlighting what I think are two basic undisputed principles in this case. The first is that Lawrence v. Texas absolutely protects the right of adults to engage in private sexual conduct. And the second is that states can conduct the conduct that Toghill committed in this case, which is the solicitation of oral sex from a person he believed was a 13-year-old girl on the Internet. The issue is just whether under AEDPA, Toghill's conviction under Virginia Code Section 18.2-374.3c, which criminalizes that exact conduct, can stand. His argument in total boils down to the fact that he claims this Court resolved this case, exact case, in McDonald v. Moose. But that's not true. McDonald is not controlling here for one simple fact, which is that the Virginia Supreme Court has adopted a narrowing construction of the Code Section that was at issue in McDonald. And so while this Court in McDonald felt constrained, it says so right up front in the opinion, to invalidate Code Section 18.2-361a because they saw it as materially indistinguishable, not from the statute at Lawrence, but from the statute at issue in Bowers. And so under Ayotte v. Planned Parenthood, this Court looked at the factors and thought that it was too broad to be narrowed. The Virginia Supreme Court is not constrained by Ayotte in the same way. To the extent Ayotte has any constitutional underpinnings that might apply, generally it's premised on Article III. So the state Supreme Court was entitled to adopt a narrowing construction of the statute. And both parties agree that the Virginia Supreme Court is the final arbiter of Virginia law. So really, the first question for this Court with respect to McDonald is just, do we have the same statute at issue here to the extent the meaning of 18.2-361a is relevant? And the answer is no. After the Supreme Court of Virginia's decision in this case, 18.2-361a criminalizes explicitly sodomy involving children, forcible sodomy, prostitution involving sodomy, and sodomy in public. Were you ever able to find a case where a state Supreme Court put a narrowing construction on a state statute after the Federal Court had declared it facially unconstitutional? So the Virginia Supreme Court cites a case out of the Seventh Circuit, Lawrence v. City of Chicago, which involves some municipal ordinances. And there was some back and forth at the same time between the Federal Courts and the State Courts about what those meant. Not 100 percent clear exactly how it worked. But the basic principle is that the Federal Courts, well, let me step back, that the State Courts are the final argument. There could be a good faith disagreement between the Federal Court and the State Court over what Lawrence means or whether or not it struck down the statute as facially unconstitutional. But here, we don't even have that problem. Because the Virginia Supreme Court looked at Lawrence, looked at what this Court said in McDonald, and said we don't have the same issue that this Court has. We know what the Virginia General Assembly intended with this statute. And we know that there are constitutional applications. So although McDonald basically invalidated 18.2-361a on an overbreadth theory, essentially, where they criminalized more conduct than it constitutionally could after Lawrence, the Supreme Court just excised what it might not be able to constitutionally criminalize and allowed the rest to go forward. And that's perfectly fine as a matter, of course, for the Virginia Supreme Court to adopt that construction. It looked at what this Court said and it tried to be responsive to those concerns while also protecting the Virginia General Assembly's right to criminalize the solicitation of sodomy for minors in the Commonwealth. Well, sort of the flip side of Judge Traxler's question, which Mr. Dolan may want to consider as well, is are you aware of any case that says a state court cannot adopt a narrowing construction of a state statute after a federal court has ruled on the facial validity of it? No, Your Honor. I haven't seen that case either. You know, it's sort of under Bradshaw v. Ritchie from the United States Supreme Court, the fact that the Virginia Supreme Court adopted the construction in this case on direct appeal that's now before the court on federal habeas, it doesn't really change the fact that that's the binding interpretation. And it's this Court's duty to apply state law as it has been construed by the state's highest court. What specifically is the difference between the way the Virginia Supreme Court construed the statute in McDonnell and the way the Virginia Supreme Court construed the statute in this case? So, Your Honor, Judge Traxler, if you read the opinion in McDonnell, what they said was it could be constitutionally, it was constitutional as applied to McDonnell. It didn't explicitly set out a narrowing construction. But even if it did, and Mr. Toghill says that the Commonwealth pressed this argument in McDonnell to this Court, that's not exactly true. And if you look at this Court's opinion in McDonnell v. Moose, you will find nothing suggesting that this Court was aware or considered whether the Virginia Supreme Court had adopted a narrowing construction. So there's no holding of this Court, no consideration, no actual rejection of this argument. And Toghill, to be sure, the Virginia Supreme Court said that it had already said this once and was going to make it clear again. But Toghill goes way, much, much further than McDonnell went. Whereas McDonnell was an as-applied challenge, Toghill was a facial challenge, and the Court said we are going to preserve this statute for the specific categories of conduct that Lawrence contemplated that states could continue to criminalize. When they address the as-applied challenge in McDonnell, what were the facts that they were looking at? McDonnell was, I think, a 45- to 47-year-old man who solicited oral sex in person from a, I believe it was a 17-year-old girl under a sort of different solicitation statute. And a 16-year-old, wasn't it? In the original case, I believe it was a 16-year-old. The case that came to this Court was, I believe, just the 17-year-old. I think you're right. To put a fine point on it, it's perfectly acceptable for the Virginia Supreme Court to adopt a narrowing construction of state law. And so this Court then just looks at what is the statute that now exists? You'd sort of want them to do that, wouldn't you? To bring state law into conformity with the latest pronouncements of the United States Supreme Court? Yes, Your Honor. It's not an ultra-virus act or some kind of rogue act that they're trying to make sure that state and federal law run along parallel lines. Yes, Your Honor. It's a good thing. I absolutely agree, Your Honor. Virginia Supreme Court was trying to be responsive to Lawrence and also be responsive to the Virginia General Assembly and acted absolutely how it should. And so the question really, I believe Judge Wilkinson, you asked this question, the real rub in this case from the Commonwealth's view is just this specter of an ex post facto problem that Toghill raises in his reply brief. Well, wouldn't you say the Virginia Supreme Court at Toghill was also trying to be responsive to this Court in McDonald? Yes, Your Honor. Absolutely. I mean, this Court in McDonald was clear that it was really concerned about A.I.T. and the factors and not being able to know how to narrow this consistent with what the Virginia General Assembly thought. Virginia Supreme Court just doesn't have the same A.I.T. hang-up. It applied the factors here and explained why they were consistent with what the Court did. But A.I.T. speaks explicitly in terms of federal courts and what federal courts are able to do. And the cases Toghill cites in his reply brief deal with what the power of federal courts are to narrow congressional enactments. The Virginia Supreme Court has a body of case law that says they go out of their way to try to preserve Virginia's statutes to the extent they can find a construction that's consistent with what the legislature would have intended. And that's exactly what they did here. Let me ask you a question out of curiosity. Are you running into any challenges regarding the anti-sodomy statute in public based on our decision in McDonald? I am not aware of any, Judge Traxtor. I believe there has been one case, I can't remember the name of it off the top of my head, involving a sodomy in public issue. There were three cases that were sort of taken as a companion case with Toghill. And they all kind of got resolved just on the opinion in Toghill. So, on the ex post facto side of this, so if you take Virginia Supreme Court's narrowed construction and ask, okay, can this be applied to Mr. Toghill? The answer is absolutely yes. As Judge Wilkinson has pointed out, the basic body of case law on this issue comes from Osborn v. Ohio and you can see it in Younger v. Harris. And the idea is, did the defendant have fair notice that his conduct was criminal, even if that conduct occurred prior to the narrowing statute? And so here, absolutely, there is no serious argument that Toghill was deprived of notice that attempting to prey on a person he thought was a 13-year-old girl was criminal in Virginia. Code Section 18.2374.3c, which is the statute he was convicted under, laid out the elements of the offense that he committed. He used the internet via email to communicate with a person he thought was a 13-year-old girl with lascivious intent to solicit an illicit sexual act. And so that's exactly what he did and that's exactly what he was convicted of. The way he tries to get around this is by pressing on the point that Lawrence essentially rendered the statute entirely void and it never existed. But that would render essentially moot or useless the entire body of U.S. Supreme Court case law saying state courts can narrow state statutes and then apply the narrowed statute to individuals in that case or in future cases. Osborn makes that point exceptionally clear, as does Mulaney v. Wilbur. In fact, almost all of Toghill's arguments are addressed in Osborn v. Ohio on pages 115 to 117 and are dismissed by the court for a variety of reasons. I suppose a state court could impose a limiting construction on a state statute that bore absolutely no reasonable relationship to the statute's original wording and the limiting construction could essentially extend so far as to rewrite, to all intents and purposes, the statute itself. And if you had that kind of then you would, I think, legitimately a habeas petitioner would legitimately say, wait a minute this limiting construction is so far off base I couldn't have possibly have had notice given the language. But that's not what happened here. That's not what happened here either. That's not the kind of limiting instruction here that was put on. It was a very reasonable one. It was commonsensical and it dealt very directly with the scope of the subject matter of the Supreme Court decision and the scope of coverage and everything. It was sort of an ordinary run of the mill limiting instruction. It's not one of those bizarre things that makes you wonder whether they sent the initial statute into hiding or something. That's exactly right, Your Honor. You can actually compare the first case you set up where they adopt a limiting construction that maybe has no real basis in the statute versus one where they do, like this case. And the cases are cited in the briefs. Doc Hill cites the case of Bowie v. Columbia, which gets much closer to the potentially problematic scenario you raised. In Bowie the South Carolina Supreme Court adopted an interpretation of the criminal trespass statute in South Carolina. And as written, the criminal trespass statute applied in a way where if you were told you weren't allowed on somebody's property and you went anyway, you were liable for criminal trespass. The flip side of that and what happened in Bowie was a person was at a restaurant dining and was told to leave. And then they refused to leave. And South Carolina Supreme Court upheld the conviction under the criminal trespass statute. The U.S. Supreme Court, on principles of due process because it wasn't foreseeable that the statute would be applied to that conduct, found a due process violation and refused to allow it to go forward. And sort of this is a view of an ex post facto violation. If you compare that to Osborne v. Ohio, which is a child pornography case where potentially the statute swept in innocent conduct that you could not criminalize, not dissimilar from what we had here and how McDonald looked at it. In Osborne the court said everybody knew, if you just read the statute, the goal was obvious to prevent people from trading in child pornography. And the same is absolutely true here. Where the goal of 18.2374.3c was to stop people from soliciting any type of sexual act, really, from a person under the age of 15. So as a result, the statute as narrowed can be applied to Todd Hill. So once you get into that box, the question then is just under AEDPA, did Lawrence invalidate state laws that criminalize the solicitation of sodomy for minors? And the answer to that is plainly not under AEDPA and probably not, certainly not, under even de novo review. Lawrence carves out specific categories of cases. Sodomy involving minors is one of them. And so at this point, there's also just no dispute about what Todd Hill did. The statute can be constitutionally applied to him and his conviction should be upheld under AEDPA. Let me ask you a question. My recollection is that after McDonald, then the Virginia's legislature amended the anti-sodomy statute. But as I read Todd Hill, when the Virginia Supreme Court is determining what the intent of the legislature was in the anti-sodomy statute, they take into consideration the amendments that were made after the McDonald case. So they are analyzing intent based on actions subsequent to McDonald. So can we, in fact, say that they made a legitimate analysis under McDonald as to what the purpose of the law is? Sort of two responses, Your Honor. The first is I sort of read Todd Hill in two lights. One is them saying, this is what we said in McDonald already. Previously, we've already discussed this. We think the statute can be applied this way. We know the General Assembly wanted it to apply this way. It's a clarification in effect. And so they're going to come forward and make clear, because it wasn't clear from this Court's opinion in McDonald, that they were aware that the Court had narrowed the statute. And so to say it again, and then point it out to the General Assembly, had in effect adopted what the Court had said. And there's nothing wrong about that. And so, although they looked... The General Assembly's subsequent change in Virginia law conformed to what the Virginia Supreme Court said originally in McDonald. That's right, Judge Aydin. And so, ultimately, it just sort of all builds together to everybody in the Commonwealth of Virginia was trying to reach the same place, which is the Commonwealth absolutely intended and has always criminalized the solicitation of sodomy involving minors under the age of 15. And everybody in the Commonwealth has worked towards that goal. Toggill makes a lot in his reply brief about the fact that we supposedly ignored that the General Assembly amended the statute and called a special session. But that's not surprising either in light of this Court's opinion, which seemed to invalidate the entirety of or at least a huge portion of Virginia's child predator laws that just cross-referenced this statute. So it made perfect sense for them to call a special session and come in and clear this up going forward. What there is, is there is U.S. Supreme Court's case that's saying a legislative change doesn't apply to prior conduct. This is also discussed in Osborne, where they make clear that a judicial change about what a statute actually covered does apply as long as it was reasonably foreseeable. And so here, it just is one of those cases where everybody's trying to get to the right result. And in McDonald, this Court was trying to get to the right result but felt constrained by A.I.T. and the same way and isn't bound by A.I.T. in the same way. And so everybody has tried to pursue what they thought was the right path in front of Lawrence and Virginia law. And so coming back to this Court, Code Section 18.2-361A has been authoritatively narrowed by the Virginia Supreme Court. And that's the narrowing construction that's on appeal here. And because Todd Hill undoubtedly had noticed that his conduct in this case was criminal, the narrowed statute can be constitutionally applied to him. So under AEDPA's deferential framework, the District Court should be affirmed. Unless the Court has further questions, I will cede the remainder of my time. We have no further questions. We thank you. Mr. Dolan, let's hear from you, sir. Thank you, Your Honor. I have just a couple of points on rebuttal. First, I wanted to point out, to respond to the Commonwealth argument that the McDonald, that the Fourth Circuit's McDonald Court had no inkling that gave the statute a narrowing construction. And I think that's just simply incorrect. As pointed out at page 6 of our reply brief, the Commonwealth argued to this Court in McDonald as follows, and that's on page 42-43 of their brief in that case. It said, quote, the State Appellate's Court's construction of 18.2-361A to exclude circumstances identified in Lawrence from its applications, close quote, saved the statute from facial invalidation. They've made this exact same argument to this Court. They've told this Court that the statute had already been narrowly construed and this Court, citing Lawrence and relying on Lawrence, said given the fact that the statute in Virginia is no different than the one in Texas, it cannot be saved by an error in construction. And so, Judge Wilkinson, I fully take your point. It is certainly a good thing when State, Legislature, State Courts respond to authoritative pronouncements of the Supreme Court and of this Court to conform their law to what is constitutional, but they cannot simply wholesale rewrite the statute. Virginia had years after Lawrence, if I recall, was set in 03. They didn't rewrite this law until I think 2011 in this case and ultimately Legislature until 2014. Again, our disagreements are narrow, but they're at the same time profound with the Commonwealth. The Commonwealth is correct that the Virginia Supreme Court is not bound by a yacht, but it is bound by, for example, the United States of the Rees, which says it is dangerous for our liberties to allow Legislature to set a net wide enough to catch every conceivable offender, even ones whose conduct is not truly protected, and then let courts sift through who counts and who doesn't. It's a dangerous system. People should know ahead of time what is constitutionally prescribed. And my final point is on Osborne v. Ohio. I disagree that Osborne responds to our argument. Osborne was a case of overbreadth, almost by definition. An overbreadth challenge, saying this statute covers more than it should, is an as-applied challenge. Once you cut away the overly broad things, the rest can be salvaged. Now, if McDonnell had proceeded on those on that sort of challenge, and McDonnell had said that this was an as-applied challenge that would be upheld, we would be in a different position. But if McDonnell said that Virginia anti-sodomy statute is facial and constitutional, unconstitutional in all its applications, that means that the Constitution was applied to Tocqueville. And for those reasons, his conviction cannot stand. And unless there's any further questions, I will also cede the rest of my time. Thank you. I see that your Court appointed Mr. Dolan, and I want to express the thanks of the Court for the fine way in which you represented your client and argued this case. Thank you very much. Could I, Judge Wilkerson, that Mr. Dolan is in the courtroom, and I want to make sure we recognize him and welcome him to Richard. You should be very proud of your son, that's all I can say. Thank you. Alright, we will adjourn court, come down and greet counsel. This Court stands adjourned until 2 o'clock this afternoon. God save the United States and this honorable Court.
judges: J. Harvie Wilkinson III, William B. Traxler, Jr., G. Steven Agee